UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RICHARD A. SWOBODA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | NO. 3:14 CV 1951 |
|  | ) |  |
| ATTORNEY WILLIAM J. STEVENS, | ) |  |
| Defendant. | ) |  |

## OPINION and ORDER

This matter is before the court on defendant's motion to dismiss plaintiff's complaint (DE #11), and defendant's motion to strike "Plaintiff's Request for Interrogatory."* (DE #18).

Plaintiff Richard A. Swoboda ("Swoboda") is proceeding *pro se.* His complaint (DE #1), titled "PROFESSIONAL NEGLIGENCE and MALPRACTICE," is over 14 pages long, full of irrelevant details such as conversations with employees in the clerk's office about four previous complaints (consolidated into one action) filed in this court, as well as quotes at length from various filings in state court proceedings. The complaint is prolix and rambling. Defendant Attorney William J. Stevens ("Stevens") has moved to dismiss the complaint pursuant to RULE 12(b)(1) for failing to plead the

---

* Defendant directed his motion to strike to the interrogatory request incorrectly filed under the wrong case number, 3:14 CV 490. After that, plaintiff filed a "Corrected Request for Interrogatory" (DE #19) in this, the appropriate, case. It is clear that defendant's motion to strike applies equally to the "Corrected Request," and the court advised the parties it would be treated as such. (DE #20.)

existence of diversity jurisdiction, and pursuant to RULES 8 and 10 for failing to provide a "short and plain" statement of the claim and failing to plead in separate numbered paragraphs for clarity and so as to allow defendant to respond. FED. R. CIV. P. 8; 10; 12(b)(1). Swoboda has responded, twice, since he improperly filed a response to Stevens' reply.

As to diversity jurisdiction, Stevens' point is that Swoboda has only pleaded his own, and Stevens,' state of residence: the Seventh Circuit has held for decades that pleading residence does not establish diversity, and requires dismissal. *Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) ("When the parties allege residence but not citizenship, the court must dismiss the suit.") Swoboda appears consciously to refuse to acknowledge this principle, reiterating several times that his allegations, along with documents he refers to therein, establish the parties' residences and so demonstrate diversity, for example:

> The defendant is very much aware of his own residency and that of his former client. . . . The residency issue is clearly addressed. If that is not good enough, the defendant should review his own Court filings dating back to 2007. Many of those documents filed with the Court verify the residency of both the defendant and his former client.

Plaintiff's Response to Defendant's Reply Brief in Support of Motion to Dismiss at 4 (DE #15.). Diversity depends on citizenship, and it is time for Swoboda to pay attention and

get it straight, once and for all: "For purposes of the diversity jurisdiction, citizenship differs from residence." *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014).

Nevertheless, the court will not dismiss the complaint solely because of Swoboda's failure to plead citizenship. This is because in responding to Stevens' motion to dismiss, Swoboda does state that Stevens has been "domiciled" in Michigan since 2003, and that he (Swoboda) has been "domiciled" in LaPorte, Indiana, for many years. (DE #13 at 7.) Because "[c]itizenship means domicile," *Myrick*, 764 F.3d at 664, Swoboda has explained what he means by "residence," and alleged, though perhaps inadvertently, that he and Stevens are citizens of different states. However, for the reasons explained below the court *is* going to dismiss Swoboda's complaint and require him to file an amended pleading if he wishes to pursue this action. In that amended pleading, if filed, he is expected to, and must, plead the citizenship of each party—not mere residence—or the court will dismiss it *sua sponte*.

The remaining argument made by Stevens is that he cannot frame an answer to the complaint because it contains neither a "short and plain" statement of Swoboda's claim nor numbered paragraphs, as is required by RULES 8 and 10 of the FEDERAL RULES. Stevens describes the complaint as amounting to nothing more than "a rambling manifesto of his [Swoboda's] discontent with his prior counsel and the Indiana judicial system," and the court can't say it any better than that. Swoboda makes too much of the fact that because he is *pro se*, his complaint should be held to a lesser standard than one

drafted by an attorney. While it is true that the court must liberally construe Swoboda's complaint, "[e]ven pro se litigants . . . must follow the Rules of Civil Procedure," *Townsend v. Alexian Bros. Medical Center*, 589 Fed.Appx. 338, 339 (7th Cir. 2015), and a "prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation." *Flayter v. Wis. Dept. of Corr.*, 16 Fed. Appx. 507, 509 (7th Cir. 2001) ("complaint is anything but a 'short and plain' statement of [plaintiff's] claim, and the district court could have dismissed it for violating Rule 8.").

Swoboda insists that his complaint contains 15 counts which are "questions" that "are not at all that difficult for the average person to understand." (DE #15 at 3.) Nevertheless, he acknowledges that "defendant's critique of the Complaint is well-taken," (DE #13 at 8), that he will "rectify the defendant's concern . . . [by] rescind[ing] the fifteen (15) counts" in order to "proceed directly to discovery," (*Id*. at 9), and that:

> The plaintiff is therefore willing to acquiesce to the defendant's argument that the plaintiff's complaint lacks sufficient relevant information for his client to be able to respond to. The questions will be restated at a later date in the form of an interrogatory request.

(DE #15 at 3.) This is completely improper. A complaint is not the place to address questions to a defendant, and that impropriety can't be remedied by restating those questions later in interrogatories. A complaint is supposed to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P.

4

8(a)(2), and that means nothing more than this: "A complaint must narrate a claim, which means a grievance such as 'the City violated my rights by preventing me from renovating my apartments.'" *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997).

In other words, Swoboda could have pleaded something as simple as "Stevens committed malpractice by failing to file an appeal for 8 months, after he told me he would file it" (something Swoboda alludes to in one of his responses to the motion), along with pleading the harm caused. Instead, the complaint contains far too much extraneous detail, and makes it almost impossible to understand what it is that Stevens did, or did not do, which Swoboda believes to constitute a claim or claims. There is an appendix of forms following the Federal Rules of Civil Procedure, which includes sample complaints. The forms are also available at this website:

*http://www.uscourts.gov/RulesAndPolicies/rules/current-rules/illustrative-civil-rules-forms.aspx*

The court has attached, to this order, a copy of the sample complaint for negligence. It would be in Swoboda's best interest to review the appendix of forms and to use it as a guide to aid him in drafting a simple and coherent amended complaint.

Last, there is Stevens' motion to strike Swoboda's "Request for Interrogatory." Swoboda argues that his interrogatories are proper, because Rule 33 allows him to serve them at any time "with or after service of the summons and complaint." (DE #19 at 2-3.) Besides the fact that there is no longer an operative complaint, because this order dismisses it, Swoboda is quoting Rule 33 of the Indiana Rules of Trial Procedure, which

are inapplicable. Instead, under the FEDERAL RULES OF CIVIL PROCEDURE, Swoboda can't engage in discovery until after there has been a RULE 26 conference. FED. R. CIV. P. 26(d)(1). In addition to all that, Swoboda's interrogatories are his improper attempt to cure the deficiencies in his complaint. Stevens' motion to strike will be granted.

For the foregoing reasons:

1. Stevens' motion to dismiss (DE #11) is **GRANTED**. The complaint (DE #1 as supplemented by DE #17) is **DISMISSED WITHOUT PREJUDICE**;

2. Swoboda must file an amended complaint, that complies with the FEDERAL RULES OF CIVIL PROCEDURE and as outlined in this order, no later than March 20, 2015. If he fails to do so, this action WILL BE DISMISSED WITH PREJUDICE, without further notice;

3. Stevens' motion to strike (DE #18) is **GRANTED**. Swoboda's "Corrected Request for Interrogatory" (DE #19) is **STRUCK**.

**SO ORDERED.**

Date: February 17, 2015

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT

[attachment – Civil Form 11]